UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE T. ROBBINS,

      **Plaintiff,**

      v.                                      Case No. 16-CV-1128

**WAUPUN CORRECTIONAL INSTITUTION,
WILLIAM POLLARD, ANN SCARPITA, and
JOHN DOE,**

      **Defendants.**

## SCREENING ORDER

The plaintiff, Shane T. Robbins, who is incarcerated at Waupun Correctional Institution, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). He has been assessed and paid an initial partial filing fee of $21.61. *See* 28 U.S.C. § 1915(b)(1).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The complaint's allegations "must be

2

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint's Allegations

Plaintiff alleges that on September 22, 2015, defendant Officer John Doe gave him another inmate's medication. According to plaintiff, he suffered serious side effects from the medication including a massive headache, ringing in his head, and red, veiny hands. Since the September 22, 2015 incident, correctional staff have given plaintiff the

3

wrong medication three times, but he did not take the medications because he noticed they were wrong. Plaintiff also states that, since all of the recent complaints, officers have gotten better about showing inmates their medications before disbursing them.

Plaintiff asserts that he would not have received the wrong medication if health services staff, instead of officers, distributed medication to inmates. Plaintiff claims that the negligence of non-medical personnel disbursing medication and giving the wrong medication put his health and life in jeopardy and violates the Eighth Amendment to the United States Constitution.

For relief, plaintiff would like to see medical personnel disburse medication, to minimize errors in handing out the wrong medication, and to minimize inmates not receiving their medication. Plaintiff also seeks declaratory relief. He further asserts that defendant Scarpita should be held accountable for her part in refusing to look into all the claims of inmates receiving wrong medication. He states that William Pollard should be held accountable for his part in refusing to look into inmates receiving wrong medication.

## Discussion

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); see also *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Assuming that the plaintiff's ingestion of the wrong medication

4

constitutes a serious medical need, a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Chapman*, 241 F.3d at 845 (a finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless"). Negligence does not meet this standard and "even admitted medical malpractice does not give rise to a constitutional violation." *Norfleet*, 439 F.3d at 396 (quoting *Walker*, 293 F.3d at 1037); *see also Estelle*, 429 U.S. at 106.

As an initial matter, plaintiff has named Waupun Correctional Institution as a defendant. State agencies, including the Wisconsin Department of Corrections (DOC), are not "persons" or suable entities under 42 U.S.C. § 1983. *See Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Therefore, because it is part of the DOC, I will dismiss Waupun Correctional Institution.

Turning to defendant Officer John Doe, plaintiff's allegation that he gave plaintiff the incorrect medication one time does not state a claim under the Eighth Amendment. In order to state a constitutional claim, plaintiff's allegations must allow a plausible inference that Officer John Doe was deliberately indifferent to a substantial risk of serious harm to him. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir. 2010). Administering the wrong medication may well pose a substantial risk of harm, depending on the circumstances. However, "[o]ne isolated mistake does not allow a plausible inference of deliberate indifference." *Morrison v. Utz*, No. 11 C 4110, 2012 WL 293548, *2 (C.D. Ill. Jan. 31, 2012); s*ee also Ehrenberg v. Wis. Dep't of Corr.*,

5

No. 10 C 1022, 2010 WL 5089484 (E.D. Wis. Dec. 7, 2010) (prisoner stated no constitutional claim based on allegations that he was given the wrong dosage of medicine); *Davis v. Baker*, No. 08 C 1310, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010) (granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); *Kirkwood v. Sirin*, No. 06 C 0139, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong medication on one day). Neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). While the incident is regrettable, plaintiff is not entitled to recovery under 42 U.S.C. § 1983 for receiving the wrong medication on one occasion.

Plaintiff also claims that Pollard and Scarpita are liable because they failed to take action after being repeatedly warned that inmates were receiving the wrong medication. Moreover, as stated above, plaintiff states that officers tried to give him the wrong medication three more times after the September 22, 2015 incident. Plaintiff does not state who warned Pollard and Scarpita, when they were warned, or how many times they were warned. I cannot discern a plausible claim against Pollard and Scarpita.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Specifically, plaintiff's amended complaint should include any additional information about how the prison's medication distribution practice affected him, as well as when and how he advised

6

Pollard and Scarpita about the situation. Such amended complaint must be filed on or **November 9, 2016**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If an amended complaint is received, the court will screen it pursuant to 28 U.S.C. § 1915A.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Waupun Correctional Institution and John Doe are **DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **November 9, 2016**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $328.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court

7

each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden of Waupun Correctional Institution.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

8

Dated at Milwaukee, Wisconsin, this 11th day of October, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge