UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHANE T. ROBBINS,
    Plaintiff,

v.                                                     Case No. 16-CV-1128

WILLIAM POLLARD, ANN SCARPITA,
JOHN DOE, sued as "Correctional Officer,
working in segregation B-range,
2nd shift on 9/22/2015,"
BRIAN FOSTER, L. ALSUM, and J. LABELLE,
    Defendants.

---

## ORDER

On October 11, 2016, I screened the original complaint and determined that the pleading was deficient because, among other things, it only alleged negligence on the part of prison officials. I directed plaintiff to file an amended complaint including any additional information about how the prison's medication distribution practice affected him, as well as how he advised Pollard and Scarpita about the situation, if he wanted to proceed. Plaintiff has filed an amended complaint, which I will screen pursuant to 28 U.S.C. § 1915A.

### Background

By way of background, the court's order screening the original complaint states the following:

> Plaintiff alleges that on September 22, 2015, defendant Officer John Doe gave him another inmate's medication. According to plaintiff, he suffered serious side effects from the medication including a massive headache, ringing in his head, and red, veiny hands. Since the September 22, 2015 incident, correctional staff have given plaintiff the wrong medication three times, but he did not take the medications because he noticed they were wrong. Plaintiff also states that, since all of the recent

complaints, officers have gotten better about showing inmates their medications before disbursing them.

Plaintiff asserts that he would not have received the wrong medication if health services staff, instead of officers, distributed medication to inmates. Plaintiff claims that the negligence of non-medical personnel disbursing medication and giving the wrong medication put his health and life in jeopardy and violates the Eighth Amendment to the United States Constitution.

For relief, plaintiff would like to see medical personnel disburse medication, to minimize errors in handing out the wrong medication, and to minimize inmates not receiving their medication. Plaintiff also seeks declaratory relief. He further asserts that defendant Scarpita should be held accountable for her part in refusing to look into all the claims of inmates receiving wrong medication. He states that William Pollard should be held accountable for his part in refusing to look into inmates receiving wrong medication.

Discussion

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Assuming that the plaintiff's ingestion of the wrong medication constitutes a serious medical need, a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Chapman*, 241 F.3d at 845 (a finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless"). Negligence does not meet this standard and "even admitted medical malpractice does not give rise to a constitutional violation." *Norfleet*, 439 F.3d at 396 (quoting *Walker*, 293 F.3d at 1037); *see also Estelle*, 429 U.S. at 106.

As an initial matter, plaintiff has named Waupun Correctional Institution as a defendant. State agencies, including the Wisconsin Department of Corrections (DOC), are not "persons" or suable entities under 42 U.S.C. § 1983. *See Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Therefore, because it is part of the DOC, I will dismiss Waupun Correctional Institution.

Turning to defendant Officer John Doe, plaintiff's allegation that he gave plaintiff the incorrect medication one time does not state a claim under the Eighth Amendment. In order to state a constitutional claim, plaintiff's allegations must allow a plausible inference that Officer John Doe was deliberately indifferent to a substantial risk of serious harm to him. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir. 2010). Administering the wrong medication may well pose a substantial risk of harm, depending on the circumstances. However, "[o]ne isolated mistake does not allow a plausible inference of deliberate indifference." *Morrison v. Utz*, No. 11 C 4110, 2012 WL 293548, *2 (C.D. Ill. Jan. 31, 2012); *see also Ehrenberg v. Wis. Dep't of Corr.*, No. 10 C 1022, 2010 WL 5089484 (E.D. Wis. Dec. 7, 2010) (prisoner stated no constitutional claim based on allegations that he was given the wrong dosage of medicine); *Davis v. Baker*, No. 08 C 1310, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010) (granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); *Kirkwood v. Sirin*, No. 06 C 0139, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong medication on one day). Neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). While the incident is regrettable, plaintiff is not entitled to recovery under 42 U.S.C. § 1983 for receiving the wrong medication on one occasion.

Plaintiff also claims that Pollard and Scarpita are liable because they failed to take action after being repeatedly warned that inmates were receiving the wrong medication. Moreover, as stated above, plaintiff states that officers tried to give him the wrong medication three more times after the September 22, 2015 incident. Plaintiff does not state who warned Pollard and Scarpita, when they were warned, or how many times they were warned. I cannot discern a plausible claim against Pollard and Scarpita.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Specifically, plaintiff's amended complaint should include any additional information about how the prison's medication distribution practice affected him, as well as when and how he advised Pollard and Scarpita about the situation. Such amended complaint must be filed on or November 9, 2016. Failure to file an amended complaint within this time period may result in dismissal of this action.

(Docket 7 at 3-7.)

## Amended Complaint Allegations

In his amended complaint, plaintiff is suing defendants former Warden Pollard, current Warden Foster, Health Service Manager Ann Scarpita, John Doe correctional officer, Nurse Alsum, and reviewer LaBelle. Plaintiff's amended complaint reiterates his original complaint allegations that he was given the wrong medication as a result of the negligence of non-medical personnel disbursing medication. He states that Ann Scarpita "should be held accountable for her part in deliberate indifference, aiding in maltreatment and negligence." (Docket 9 at 3.) Plaintiff also states that Warden Pollard "should also be held accountable for his part, by allowing correctional officers in handing out meds, after so many reports of errors of inmates receiving ongoing medications." (*Id.*)

According to plaintiff, health services acted with deliberate indifference to plaintiff's health and safety by allowing correctional officers to hand out prescribed medications. Plaintiff alleges that both health services and the Warden knew of and disregarded an excessive risk to inmate health or safety. According to plaintiff, he and other inmates have informed the "chain of command" by requesting that medical personnel disburse medications rather than correctional officers, who do not having "the training or compassion" necessary. (*Id.* at 6).

Plaintiff emphasizes that this is a recurring event and points to a grievance he filed on July 21, 2015, sharing his concerns about correctional officers handing out medication and his fear about receiving the wrong medication. He states that he was told that policy allows correctional officers to hand out medications. Plaintiff "accepted defeat," and then, on September 22, 2015, he was given the wrong medication. (*Id.*)

Plaintiff states that his claim is malpractice and negligence. He requests that the court allow him to conduct discovery so that he can obtain evidence that the officials were and are aware of the risk and consciously disregarding the negligence of correctional officers disbursing medication. He states that he has evidence proving that the Department of Corrections and management know of this very serious problem with correctional officers distributing medication. According to plaintiff, allowing him to conduct discovery will permit him to ask defendants for evidence, such as the history of inmate complaints and other civil suits against them.

Plaintiff seeks injunctive and declaratory relief, as well as monetary damages.

## Discussion

Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against defendants Pollard and Scarpita based on his allegations that they knew of and disregarded the risk to his safety with regard to the distribution of medication by correctional officers. Plaintiff may also proceed on a state law negligence claim against the John Doe defendant who gave him the wrong medication. *See* 28 U.S.C. § 1367(a).

All remaining claims and defendants will be dismissed. Specifically, defendant Foster is not alleged to have been personally involved in the allegations. Defendants Alsum and LaBelle allegedly reviewed the grievance that plaintiff filed after the incident but are not alleged to have been notified of any issues prior to the incident.

Finally, plaintiff is advised that he will need to use discovery to identify the John Doe defendant. Once the named defendants have filed an answer to the amended complaint, I will issue a Scheduling Order setting deadlines for the completion of

5

discovery and for filing dispositive motions. Plaintiff should wait until I issue the Scheduling Order to start the discovery process.

**THEREFORE, IT IS ORDERED** that the amended complaint (Docket 9) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that defendants Foster, Alsum, and LaBelle are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the named state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a pro se guide, Answers to Prisoner Litigants' Common Questions.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge